IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPHINE MASUKU,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., as successor by merger to Lasalle Bank, N.A. as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-NCI, and BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-11-1443 |

**MEMORANDUM OPINION AND ORDER**

This is an action challenging a foreclosure. Pending before the court are motions for summary judgment of defendants Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Daffin") (Docket Entry No. 17)[1] and Bank of America, N.A. ("BOA") (Docket Entry No. 18).[2] Plaintiff Josephine Masuku responded,[3] both Barrett

---

[1]Defendant Barrett Daffin Frappier Turner & Engel, LLP's Motion for Summary Judgment ("Barrett Daffin's MSJ"), Docket Entry No. 17.

[2]Bank of America, N.A.'s Motion for Summary Judgment and Brief in Support ("BOA's MSJ"), Docket Entry No. 18.

[3]Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment ("Masuku's Response"), Docket Entry No. 21.

Daffin[4] and BOA[5] replied, Masuku filed a sur-reply,[6] and Barrett Daffin filed a further motion.[7] For the reasons stated below, the court will grant summary judgment in favor of Barrett Daffin and BOA.[8]

## I. Masuku's Allegations and Causes of Action

Masuku brought this action in state court in order to set aside the foreclosure of her home in Richmond, Texas.[9] Masuku alleges that she was "unaware of the foreclosure until after the forcible detainer was effected and Plaintiff [] received the notice

---

[4]Defendant Barrett Daffin Frappier Turner & Engel, LLP's Reply to Plaintiff's Response to Motion for Summary Judgment ("Barrett Daffin's Reply"), Docket Entry No. 22. Barrett Daffin also filed Defendant Barrett Daffin Frappier Turner & Engel, LLP's Notice of Filing Supplemental Summary Judgment Evidence ("Barrett Daffin's Supplemental"), Docket Entry No. 19.

[5]Bank of America, N.A.'s Reply Brief in Support of its Motion for Summary Judgment ("BOA's Reply"), Docket Entry No. 23. BOA also filed Bank of America, N.A.'s Notice of Filing Supplemental Summary Judgment Evidence ("BOA's Supplemental"), Docket Entry No. 20.

[6]Plaintiff's Sur-Reply in Opposition to Defendants' Motion for Summary Judgment ("Masuku's Sur-Reply"), Docket Entry No. 24.

[7]Defendant Barrett Daffin Frappier Turner & Engel, LLP's Response to Plaintiff's Surreply to Motion for Summary Judgment, Docket Entry No. 25.

[8]Both Barrett Daffin and BOA argue that the court should disregard Masuku's Response as untimely filed. Barrett Daffin's Reply, Docket Entry No. 22, pp. 2-3; BOA's Reply, Docket Entry No. 23, pp. 2-3. The court will consider Masuku's Response in reaching its decision on summary judgment.

[9]Petition to Set Aside Defective Foreclosure ("Masuku's Petition"), Exhibit C-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, pp. 2-3 ¶¶ 8-13.

posted at her door."[10] Masuku alleges that she did not receive the notices because

> [t]hrough the foreclosure process, Defendants were sending the notices to the property address rather than the mailing address which was provided to them by the Plaintiff.[11]

Masuku alleges that Chase Home Finance LLC ("Chase") was the servicing company on her loan and that Chase was aware of Masuku's mailing address and communicated with Masuku using Masuku's mailing address.[12] Masuku alleges that the foreclosure notices were sent to the property address and not to the mailing address:

> Defendant Bank of America and its loan servicing agent, Chase Home Finance LLC sent the foreclosure notices to the property address. The tenant was unable to collect the mail because Plaintiff does not receive her mails at the home. The Plaintiff did not receive adequate notice of the foreclosure as required by Texas law regarding foreclosure.[13]

Masuku alleges that she learned of the foreclosure only when she received a notice of eviction, and that she has appealed the eviction in Fort Bend County Court.[14] Masuku states that "[t]he eviction suit purported to show that Defendant Bank of America, NA, purchased the Plaintiffs' property at the foreclosure sale in the

---

[10] Id. at 3 ¶ 13.

[11] Id. at 3 ¶ 14.

[12] Id. at 3-4 ¶ 15.

[13] Id. at 4 ¶ 16.

[14] Id. at 4 ¶ 18.

amount of $108,089."[15] Masuku alleges that New Century Mortgage Corporation ("New Century") was "[t]he original owner of the Note."[16]

In Masuku's Petition she challenges the foreclosure on three grounds. First, Masuku alleges that Barrett Daffin and BOA "have no standing to foreclose on the Note and under the deed of trust."[17] Second, she pleads that "Defendant failed to follow the [Home Affordable Modification Program ("HAMP")] guidelines and failed to offer the Plaintiffs the HAMP alternative before foreclosing on the homestead property."[18] Third, she alleges that the foreclosure sale must be set aside because "Defendants did not give Plaintiff the proper notice of foreclosure" required by Texas Property Code § 51.002 and the deed of trust.[19]

## II. Summary Judgment Standard

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are "genuine" if the evidence is such

---

[15] Id.

[16] Id. at 5 ¶ 6.3.

[17] Id. at 5 ¶ 6.

[18] Id. at 7 ¶ 7.2.

[19] Id. at 7 ¶¶ 8-9.

that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000). "[T]he burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Celotex, 106 S. Ct. at 2554; see also Bustos v. Martini Club Inc., 599 F.3d 458, 468 (5th Cir. 2010) ("On summary judgment, once the moving party establishes that there are no factual issues, the burden shifts to the nonmoving party to produce evidence that a genuine issue of material fact exists for trial. The nonmoving party must then 'go beyond the pleadings,' and by affidavits or other competent summary judgment evidence cite 'specific facts' that show there is a genuine issue for trial.") (internal citations omitted).

## III. The Defendants' Motions for Summary Judgment

### A. Masuku's Claim for Failure to Provide the Required Notice

Barrett Daffin and BOA move for summary judgment on Masuku's claim that the foreclosure must be set aside because Masuku "did not have actual or constructive notice of the foreclosure."[20] Masuku bases this cause of action on the following factual allegation:

> Defendants sent the notice of default, acceleration and foreclosure to the wrong address. Plaintiff had informed the loan servicer, Chase Home Finance LLC of her mailing address. Yet, Defendant Daffin et al sent the notices to the property address.[21]

Masuku identifies her mailing address as "6300 Hillcroft Street, Suite 306, Houston, Texas 77081" (hereafter: "the mailing address").[22]

The defendants have produced competent summary judgment evidence establishing that notice was sent by certified mail to Masuku's mailing address. Exhibit C to Barrett Daffin's MSJ is a notice of default bearing the date "May 22, 2010" and addressed to Masuku at the mailing address.[23] The front page of the May 22, 2010, Notice bears a bar code with the number

---

[20]Masuku's Petition, Exhibit C-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 7 ¶ 8.

[21]Id.

[22]Id. at 3 ¶ 14 (emphasis omitted).

[23]May 22, 2010, Letter from Chase to Masuku ("May 22, 2010, Notice"), Exhibit C to Barrett Daffin's MSJ, Docket Entry No. 17-4, pp. 1-2.

"71078381654046488767."[24] Exhibit J-1 to Barrett Daffin's MSJ is a printout from the United States Postal Service's website, supported by affidavit,[25] containing tracking information for label number "71078381654046488767,"[26] the same number that appears on the front page of the May 22, 2010, Notice. The information on the website indicates that the item associated with this label number was delivered via certified mail on May 26, 2010, to a location in Houston, Texas, zip code 77081,[27] the same zip code as Masuku's mailing address. Exhibit D to Barrett Daffin's MSJ is a default notice bearing the date "June 1, 2010" and addressed to Masuku at

---

[24]Id. at 1.

[25]Affidavit of Stewart K. Schmella, Exhibit K to Barrett Daffin's MSJ, Docket Entry No. 17-12, p. 2 ("The six pages attached to Barrett Daffin Frappier Turner & Engel, LLP's ("Barrett Daffin") Motion for Summary Judgment as Exhibit J are true and correct copies of the results I accessed and printed from the Track & Confirm page at the USPS website on June 12, 2012.").

[26]USPS.COM "Track & Confirm" Page, Exhibit J-1 to Barrett Daffin's MSJ, Docket Entry No. 17-11, p. 1. Masuku has not objected that the website printouts are inadmissible hearsay. The court concludes that, even if Masuku had objected to the admissibility of Exhibits J-1, J-3, and J-5, these exhibits would be admissible as public records under Federal Rule of Evidence 803(8)(A)(i). See Chapman v. San Francisco Newspaper Agency, 2002 WL 31119944, at *1-2 (N.D. Calif. September 20, 2002) (admitting a "printout" from the "'Track & Confirm' page at the USPS website" under Rule 803(8)(A) because "[t]he USPS qualifies as a public agency" and "[t]he delivery confirmation is a record of the activity that the USPS carries out-namely the delivery of mail"); see generally Steven Goode, "The Admissibility of Electronic Evidence," 29 Rev. Litig. 1, 53-54 (2009) ("[A] growing body of case law demonstrates the willingness of courts to admit downloads from the websites of public agencies.").

[27]Id.

the mailing address.[28] The front page of the June 1, 2010, Notice bears a bar code with the number "7107 8381 6540 4694 6120."[29] Exhibit J-3 to Barrett Daffin's MSJ is a printout from the United States Postal Service's website containing tracking information for label number "71078381654046946120."[30] The information on the website indicates that the item associated with this label number was delivered via certified mail on June 4, 2010, to a location in Houston, Texas, zip code 77081.[31] Exhibit E to Daffin Barrett's MSJ is a notice of acceleration and foreclosure bearing the date "July 15, 2010" and addressed to Masuku at the mailing address.[32] The front page of the July 15, 2010, Notice bears a bar code with the number "7160 9668 9670 4570 8456."[33] Exhibit J-5 to Barrett Daffin's MSJ is a printout from the United States Postal Service's website containing tracking information for label number "71609688967045708456."[34] The information on the website indicates

---

[28]June 1, 2010, Letter from Chase to Masuku ("June 1, 2010, Notice"), Exhibit D to Barrett Daffin's MSJ, Docket Entry No. 17-5, pp. 1-2.

[29]Id. at 1.

[30]USPS.COM "Track & Confirm" Page, Exhibit J-3 to Barrett Daffin's MSJ, Docket Entry No. 17-11, p. 1.

[31]Id.

[32]July 15, 2010, Letter from Barrett Daffin to Masuku ("July 15, 2010, Notice"), Exhibit E to Barrett Daffin's MSJ, Docket Entry No. 17-6, pp. 1-2.

[33]Id. at 1.

[34]USPS.COM "Track & Confirm" Page, Exhibit J-5 to Barrett Daffin's MSJ, Docket Entry No. 17-11, p. 1.

that the item associated with this label number was delivered via certified mail on July 19, 2010, to a location in Houston, Texas, zip code 77081.[35]

Barrett Daffin also produced an affidavit by its custodian of records, with the July 15, 2010, Notice attached as an exhibit, in which the custodian stated that the notice was a true and correct copy of the original and that the notice was "mailed via certified mail on July 15, 2011, to the persons or entities stated thereon."[36] Barrett Daffin and BOA argue that this "summary judgment evidence conclusively establishes that Chase and Barrett Daffin provided pre-foreclosure notice to Masuku as required by Texas Property Code Section 51.002."[37]

Masuku offers no summary judgment evidence on the question of whether she received the notices at her mailing address. Masuku's response to the defendants' summary judgment argument consists of (1) a repetition of the allegation "that Defendants did not issue a Notice of Default and Notice of Intent to Accelerate the Note to Plaintiff prior to foreclosing on the home,"[38] (2) the assertion that "[n]owhere in the exhibits attached to Defendants' motion for

---

[35] Id.

[36] Affidavit of Becky Howell, Exhibit H to Barrett Daffin's MSJ, Docket Entry No. 17-9, p. 2.

[37] Barrett Daffin's MSJ, Docket Entry No. 17, p. 7; accord BOA's MSJ, Docket Entry No. 18, p. 6.

[38] Masuku's Response, Docket Entry No. 21, p. 6.

summary judgment was there any mention of the Notice of Default and Intent to Accelerate,"[39] and (3) the argument that "Defendants now reverse the argument and require Plaintiff to prove that she did not receive the pre-foreclosure Notice of Default and Intent to Accelerate" and that in so doing "Defendants are now shifting the burden to Plaintiff[] to provide evidence of inaction by Defendants."[40]

Because Barrett Daffin and BOA have produced substantial and competent summary judgment evidence that the notices were mailed to Masuku at her mailing address, Masuku's conclusory assertion that she did not receive the notices is insufficient to preclude summary judgment. Masuku's argument that there is no mention of the notices in Barrett Daffin and BOA's motions is inaccurate, as the court's discussion above of Exhibits C, D, and E to Barrett Daffin's MSJ makes clear.[41] The summary judgment evidence produced by the defendants is also sufficient to rebut Masuku's argument regarding the burden of proof. Assuming, without deciding, that the defendants bear the burden of proving that they mailed the notices to Masuku's mailing address, the defendants have produced evidence sufficient to bear this burden. The information contained in the three notices, the United States Postal Service "Track &

---

[39] Id.

[40] Masuku's Sur-Reply, Docket Entry No. 24, p. 3.

[41] See supra text accompanying notes 23-35.

Confirm" records from the website, the two affidavits, and the lack of any contrary evidence are sufficient to preclude any genuine question of fact regarding whether the notices were mailed to Masuku's mailing address. The court will grant summary judgment against Masuku on her claim for wrongful foreclosure under Texas Property Code § 51.002.

**B. Masuku's Claim that Defendants Lacked Standing to Foreclose**

Masuku alleges that Barrett Daffin and BOA lacked standing to foreclose on her home.[42] Masuku contends that Barrett Daffin and BOA did not own or hold the note or the deed of trust.[43] Masuku alleges that New Century originally owned the mortgage and that there is no evidence that BOA owns the note.[44] Barrett Daffin and BOA argue that the court should grant summary judgment on Masuku's standing claim because it is nothing more than an invalid "show-me-the-note" claim.[45] The court concludes that Barrett Daffin and BOA are entitled to summary judgment on Masuku's standing claim because (1) Chase, as the mortgage servicer, had the authority to foreclose on Masuku's home, and (2) Barrett Daffin and BOA have produced competent summary judgment evidence that BOA is the current

---

[42]Masuku's Petition, Exhibit C-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 5 ¶ 6.

[43]Id. at 5 ¶¶ 6 & 6.3.

[44]Id. at 5 ¶ 6.3.

[45]Barrett Daffin's MSJ, Docket Entry No. 17, pp. 8-9; BOA's MSJ, Docket Entry No. 18, p. 8.

mortgagee, and (3) Masuku has produced no evidence competent to challenge this conclusion.

Masuku admits that Chase was the mortgage servicer on her home.[46] Under Texas law the mortgage servicer has the authority to foreclose. Tex. Prop. Code § 51.0025 ("A mortgage servicer may administer the foreclosure of property under Section 51.002 on behalf of a mortgagee if . . . ."); Crear v. JP Morgan Chase Bank, N.A., 2011 WL 1129574, at *1 n.1 (5th Cir. 2011) (unpublished) ("The Texas Property Code provides that either a mortgagee or mortgage servicer may administer a deed of trust foreclosure without the production of the original note."). Masuku has not alleged that any of the requirements of § 51.0025 were not satisfied. Chase is listed as the mortgage servicer on the Substitute Trustee's Deed,[47] and Barrett Daffin was Chase's representative.[48] The court concludes that the unrebutted summary judgment evidence establishes that Chase foreclosed on Masuku's home. Because Texas law gave Chase as the mortgage servicer the authority to foreclose, Masuku's standing claim has no merit.

---

[46]Masuku's Petition, Exhibit C-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, pp. 3-4 ¶ 15.

[47]Substitute Trustee's Deed, Exhibit F to BOA's MSJ, Docket Entry No. 18-3, p. 1; Substitute Trustee's Deed, Exhibit F-1 to Barrett Daffin's Supplemental, Docket Entry No. 19-1, p. 1 (copy certified by the Fort Bend County Clerk).

[48]Affidavit attached to Substitute Trustee's Deed, Exhibit F to BOA's MSJ, Docket Entry No. 18-3, p. 2.

Even if BOA rather than Chase had foreclosed on Masuku's home, her standing claim would still fail. Barrett Daffin and BOA have produced substantial summary judgment evidence that New Century assigned the mortgage to BOA, and Masuku has produced no competent evidence calling into question this assignment. In addition to the signed deed of trust and note,[49] BOA produced a notarized Assignment of Note and Deed of Trust indicating that New Century assigned the deed of trust to Bank of America.[50] BOA also produced the Substitute Trustee's Deed, which lists Bank of America as the mortgagee.[51]

Masuku has not produced any competent evidence indicating that New Century did not assign the mortgage to BOA. Masuku alleges that BOA fraudulently acquired the promissory note and deed of trust.[52] Masuku alleges that the signer of the "corporate acknowledgment" on the Assignment, Brianne Hinton, is "one of Chase Bank's robo-signers and not an employee of New Century Mortgage."[53] Masuku attempts to support this allegation with a one-page

---

[49]Adjustable Rate Note, Exhibit B-1 to BOA's MSJ, Docket Entry No. 18-1; Deed of Trust, Exhibit B-2 to BOA's MSJ, Docket Entry No. 18-1.

[50]Assignment of Note and Deed of Trust ("Assignment"), Exhibit B-8 to BOA's MSJ, Docket Entry No. 18-2, p. 1-2.

[51]Substitute Trustee's Deed, Exhibit F to BOA's MSJ, Docket Entry No. 18-3, p. 1.

[52]Masuku's Response, Docket Entry No. 21, pp. 9—10.

[53]Id. at 9.

document, found on the internet at a website titled "www.foreclosurehamlet.org," indicating that a Brianne Hinton works as a Vice-President for Chase Home Finance LLC.[54]

The court concludes that this document is insufficient to preclude summary judgment against Masuku on her standing cause of action for several reasons. First, Masuku does not explain what the website containing this document is or identify the party posting the document. This document may be inadmissible as hearsay under Federal Rule of Evidence 802 or as not authenticated under Federal Rule of Evidence 901. Second, even assuming that the document is not excluded from evidence, it does not give rise to a genuine dispute of fact. It is not at all clear how Brianne Hinton's signature on the "corporate acknowledgment" is evidence of a fraudulent assignment. The allegation that Brianne Hinton was a Chase employee cannot by itself support a reasonable inference that the assignment to BOA was fraudulent. And Masuku does not explain how the allegation that Brianne Hinton was a "robo-signer" supports an inference of fraud. Cf., Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc., 2012 WL 2196040, at *3 (N.D. Tex. June 15, 2012) ("Nor does [the] allegation that the signature 'is known to be robo-signed and/or forged' state a plausible claim that the . . . appointment of substitute trustee

---

[54]Id. (referring to Exhibit B to Masuku's Response, Docket Entry No. 21-2).

was likely 'fraudulent and/or forged.'").[55] Third, even if Masuku had supported her fraud allegation she would lack standing as a non-party to the assignment because "[w]hen . . . the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief." Schieroni v. Deutsche Bank Nat. Trust Co., 2011 WL 3652194, at *6 (S.D. Tex. August 18, 2011) (dismissing a claim for fraudulent assignment of a mortgage).

The court concludes that summary judgment for Barrett Daffin and BOA is appropriate on Masuku's cause of action for standing to foreclose.

### C. Masuku's Claim that the Foreclosure Violated HAMP Guidelines

Masuku also challenges the foreclosure on the ground that "Defendant failed to follow the HAMP guidelines and failed to offer

---

[55]Masuku also argues that New Century "was no longer in business" at the time of the assignment. Masuku's Response, Docket Entry No. 21, pp. 8 & 9. Masuku proffers no competent summary evidence that New Century had wholly ceased operations. Id. at 8 ("The undersigned counsel placed a call to the corporate office of New Century Mortgage Corporation. Counsel was informed that New Century filed for bankruptcy and was completely out of business as of August 1, 2008."). Masuku's briefing is not evidence. Moreover, Masuku does not explain how New Century's alleged bankruptcy is sufficient to support an inference of fraud. See, Juarez v. U.S. Bank Nat. Ass'n ex rel. Holders of the Asset Backed Sec. Corp. Home Equity Loan Trust, Series NC 2005-HE8, 2011 WL 5330465, at *7 (D. Mass. November 4, 2011) ("New Century's filing for bankruptcy in April 2007 does not, on its own, affect New Century's authority to assign the mortgage to U.S. Bank. The Bankruptcy Code . . . allows those filing voluntary petitions for relief under Chapter 11 to continue to operate their businesses and manage their property as debtors in possession after filing for bankruptcy.") (citing 11 U.S.C. §§ 1107(a) and 1108).

the Plaintiffs the HAMP alternative before foreclosing on the homestead property."[56] Barrett Daffin and BOA seek summary judgment on this cause of action, arguing that Masuku has no private right of action for violation of the Home Affordable Modification Program ("HAMP").[57]

Numerous courts have held that a borrower has no private right of action to assert a HAMP violation. E.g., Cade v. BAC Home Loans Servicing, LP, 2011 WL 2470733, at *5 (S.D. Tex. June 20, 2011) ("There is no private right of action under HAMP. Only the government can enforce compliance with HAMP regulations, and it is not required to do so.") (internal citation omitted); Denley v. Vericrest Fin., Inc., 2012 WL 2368325, at *2 (S.D. Tex. June 21, 2012) (collecting cases); Miller v. Chase Home Finance, LLC, 677 F.3d 1113, 1115-17 (11th Cir. 2012) (per curiam) (cited with approval by Kiper v. BAC Home Loans Servicing, LP, 2012 WL 3185968, at *9 (S.D. Tex. August 2, 2012)). Even if Barrett Daffin and BOA were HAMP participants who failed to comply with HAMP guidelines, Masuku as the borrower has no cause of action for Barrett Daffin's and BOA's alleged HAMP violations. The court concludes that Barrett Daffin and BOA are entitled to summary judgment on Masuku's HAMP violation claim.

---

[56]Masuku's Petition, Exhibit C-2 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 7 ¶ 7.2.

[57]Barrett Daffin's MSJ, Docket Entry No. 17, pp. 5-6; BOA's MSJ, Docket Entry No. 18, pp. 7-8.

## IV. Conclusion

For the reasons stated above, the court concludes that there are no genuine questions of material fact relevant to any of Masuku's causes of action and that summary judgment should be granted to the defendants. Defendant Barrett Daffin Frappier Turner & Engel, LLP's Motion for Summary Judgment (Docket Entry No. 17) and Bank of America, N.A.'s Motion for Summary Judgment and Brief in Support (Docket Entry No. 18) are **GRANTED**. The court will enter a final judgment that this action be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 14th day of August, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE